■ In the Matter of the Claim of NORMAN H. ADLER, Respondent, v. N. ADLER'S SON, INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— GIBSON, P. J. Claimant, an officer of a florists' supply company, was ordinarily engaged in administrative work of a sedentary nature, but on one of his occasional trips to call on accounts and take orders, and while carrying sample cases weighing about 75 pounds from a parking lot to his customer's premises, this on an abnormally cold day, suffered chest pains, which recurred briefly that evening. Two days later, while calling upon another customer and as he picked up his sample cases, he again felt chest pain which worsened as he talked with his customer. After consulting a physician, who considered the pains due to nervous tension, he continued at work but the pains grew more intense and later in the day he was admitted to a hospital where he remained four weeks upon a diagnosis of acute myocardial infarction. In contesting the claim, appellants originally denied accident, causal relationship and notice but upon this appeal limit the issue to their contention "that there is no substantial evidence of causal relation between the accident and the disabling condition." That claimant sustained an acute myocardial infarction while at work seems thus to be conceded but is clear in any event. The causal relation disputed by appellants was, however, reported by one of claimant's attending physicians in a report to which appellants do not allude. Although another trier of the facts might have deemed equivocal or unconvincing the testimony of claimant's other treating physician, the board was entitled to accept and credit the conclusion to which he assented that a myocardial infarction "could be induced" by the factors of exertion and tension assumed by the hypothetical question propounded to him. One of the physicians who, in terms, denied causality conceded that if claimant had rested, instead of continuing at work, he might have sustained "a smaller infarction or even possibly no infarction." Decision affirmed, with one bill of costs to respondents filing briefs. Herlihy, Reynolds, Taylor and Aulisi, JJ., concur.